UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CLAUDIA ROBLEDO,<br>KY CONSTRUCTION LLC,<br><br>Plaintiffs,<br><br>v.<br><br>FOURA CONSTRUCTS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:25-cv-00187-JPH-MJD |

**ORDER DIRECTING ADDITIONAL BRIEFING**

Plaintiffs Claudia Robledo and KY Construction LLC brought this action against Defendant 4A Constructs alleging violations of the Civil Rights Act, breach of contract, unjust enrichment, and detrimental reliance. Dkt. 12. After the Clerk of the Court issued an entry of default against 4A, dkt. 18, Plaintiffs filed a motion for default judgment, dkt. 21, which was granted on May 27, 2026, and final judgment was entered in their favor, dkt. 24; dkt. 25.

On September 3, 2026, 4A filed a motion to set aside final judgment under Rule 60(b)(4), arguing that it was not properly served with the complaint and summons, so the Court lacked personal jurisdiction, making the judgment void. Dkt. 29. Unwilling to commit to which jurisdiction's law applies, 4A argues that service wasn't valid under federal law, Indiana law, and Georgia law. Dkt. 30 at 4–7. Plaintiffs' Response similarly cites several different authorities in support of the conclusion that "service was not so legally insufficient as to merit vacatur under Federal Rule of Civil Procedure ('FRCP') 60(b)(4)". Dkt. 33 at 1.

"[A] federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service[.]" *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 105 (1987). In the absence of a federal claim that prescribes rules for service of process upon nonresident corporations and associations, service of process is governed by the law of the state in which the district court is located. *Swaim v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1996); Fed. R. Civ. P. 4. The only federal claim brought here arises under 42 U.S.C. § 1981, dkt. 12 at 4 (Count 1), which does not prescribe rules for service of process upon nonresident corporations and associations. Indiana law therefore applies to Plaintiffs' service of process on 4A. The Court only considers the parties' arguments regarding service under Indiana law.

As relevant here, Indiana law provides, "[s]ervice upon an organization may be made as follows: (1) In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Ind. T.R. 4.6. Indiana courts interpret this provision to allow service upon either an executive officer *or* an agent, not that service must be made upon an agent, if one is appointed, instead of an executive officer. *Fid. Fin. Servs., Inc. v. West*, 640 N.E.2d 394, 400–01 (Ind. Ct. App. 1994); dkt. 34 at 3 (4A's Reply, arguing that "Plaintiffs' outright failure to serve Defendant's registered agent was not a 'technical defect' but obvious noncompliance with Trial Rule 4.6(A)."

The following facts are undisputed. 4A Constructs is a Georgia corporation with a principal office address at 5022 BU Bowman Dr., Buford, GA, 30542. Dkt. 30-1 at 7. 4A's registered agent and officer is Alfred "Trey" Shelton. *Id.* 4A's business registration lists Mr. Shelton's "registered office address" as 7227 Lake Sterling Blvd., Flowery Branch, GA, 30542 and his officer address as the same Bowman Dr. address listed as 4A's principal office address. *Id.* On June 5, 2025, Ms. Robledo and KY mailed the summons and complaint via certified mail to Mr. Shelton to the Bowman Drive address. Dkt. 14; dkt. 30-1 at 1. The return receipt was signed by Michelle Roelkey (or Roakes). Dkt. 14 at 3.

The parties focus their arguments on whether Ms. Roelkey's position with 4A authorized her to accept service on behalf of the company. They do not address Indiana caselaw holding that "nothing in the trial rules requir[es] that the individual to whom service of process is mailed be the one who signs the return receipts in order for service to be effective. Rather, the rule requires only that service be *sent* by certified mail to the proper person, a requirement with which [Plaintiffs] strictly complied." *Precision Erecting, Inc. v. Wokurka*, 638 N.E.2d 472, 474 (Ind. Ct. App. 1994) (emphasis original) (holding service proper under Ind. Trial Rule 4.6 where the registered agent's wife signed the return receipt). Under *Precision Erecting*, it appears that service of the summons and complaint by certified mail to 4A's principal place of business satisfies T.R. 4.6, regardless of who received and signed for it.

Plaintiffs did not make this argument,[1] so the Court provides the parties until November 30, 2026, to each file a supplemental brief, not to exceed 5 pages, limited to addressing whether service on 4A was effective under Ind. Trial Rule 4.6.

**SO ORDERED.**

Date: 11/16/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

[1] Ms. Robledo and KY argue that under Indiana Code 23-0.5-4-10(b), since 4A failed to register its business in Indiana as required by law, Indiana Code 23-0.5-4-10(b) governs service of process, which allows a "represented entity [that] ceases to have a registered agent, or if its registered agent cannot with reasonable diligence be served," to be served "by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the entity at the entity's principal office." Ind. Code § 23-0.5-4-10(b); dkt. 33 at 5. Ms. Robledo and KY argue that "[t]his section, importantly, does not require that any particular personnel (such as an agent or executive officer) sign for the certified mail[.]" Dkt. 33 at 5. But Indiana Code 23-0.5-4-10 isn't controlling here because it only applies to a "represented entity" which is defined as "(1) a domestic filing entity; or (2) a registered foreign entity." Ind. Code § 23-0.5-1.5-40. 4A is a Georgia entity that is not registered in Indiana, dkt. 33 at 4; dkt. 30-1 at 7, thus it cannot be a represented entity within the meaning of Indiana Code 23-0.5-4-10(b).